**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Yana Hart (SBN: 306499)
*yhart@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE HARRIS, ANNEMARIE NEWBOLD, and STEPHANIE ESCOBAR, individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | 1. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. seq.* |
| vs. | 2. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, BUSINESS AND PROFESSIONS CODE § 17500, *et. seq.* |
| SNAPPLE BEVERAGE CORP. and KEURIG DR. PEPPER INC., | 3. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et. seq.* |
| Defendants. | 4. UNJUST ENRICHMENT |
| | 5. BREACH OF EXPRESS WARRANTY |
| | **DEMAND FOR JURY TRIAL** |

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Plaintiffs Darlene Harris, Stephanie Escobar, and Annemarie Newbold, ("Plaintiffs"), individually and on behalf of all other similarly situated purchasers (the "Class"), bring this class action lawsuit against Snapple Beverage Corp. and Keurig Dr. Pepper Inc. (collectively referred to herein as "Defendants"), and allege as follows:

## **INTRODUCTION**

1.      Defendants peddle Snapple beverage products, including their Apple, Watermelon Lemonade, Kiwi Strawberry, Mango Madness, Orangeade, Raspberry Peach, Strawberry Pineapple Lemonade, Lemonade, and Pink Lemonade (the "Products") as "All Natural." In reality, and unbeknownst to consumers who rely on Defendants' name and reputation, the Products contain added coloring, rendering the "All Natural" labels false, misleading, and deceptive. True and correct representations of the Products' front labels are set forth below:

  

2

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28








3

2.     Plaintiffs bring this class action lawsuit on behalf of all purchasers of the Products within the United States, or alternatively, within the State of California, during the last four years.

3.     Plaintiffs bring this class action against Defendants, who are among the United States' leading producers of beverage products. Defendants have realized that, based on the public's concern about natural and healthy foods, there is a financial benefit to be derived in selling products claiming to be natural. Accordingly, Defendants label their Products as "All Natural," even though the Products contain added color in violation of California and federal advertising laws.

4.     Plaintiffs seek to secure injunctive relief and restitution for the Class against Defendants for false and misleading advertising in violation of California's Business & Professions Code section 17200, *et seq.,* Business & Professions Code section 17500, *et seq*., and the Consumers Legal Remedies Act Civil Code section 1750, *et seq*. Defendants made and continue to make false and misleading statements in their advertising of the Products. Specifically, Defendants label the Products as "All Natural" and market them as such, even though the Products contain coloring additives that are not expected to be found in natural fruit drinks.

5.     By letter dated December 8, 2020, Plaintiffs advised Defendants of their false and misleading claims pursuant to California Civil Code Section 1782(a). Plaintiff has provided Defendant with notice of its violations of the CLRA pursuant to Civil Code section 1782(a).

## PARTIES

6.     Plaintiffs are, and at all times relevant hereto were, citizens of the United States.

7.     **Plaintiff Darlene Harris** is a citizen of California, residing in Sacramento. Plaintiff Darlene Harris purchased the All Natural Kiwi-Strawberry Lemonade and the All Natural Mango Madness most frequently from a Walgreens

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

4

store in Sacramento, California, but also at other grocery or convenient stores in Sacramento, California, and bay area in late 2020, and early 2021.

8. **Plaintiff Stephanie Escobar** is a citizen of California. Plaintiff Stephanie Escobar purchased the All Natural Snapple Apple from a Ralphs store in Culver City, California in 2019.

9. **Plaintiff Annemarie Newbold** is a citizen of Kentucky. Plaintiff Annemarie Newbold purchased the All Natural Snapple Apple from a Target store in Louisville, Kentucky in 2019.

10. In making their purchases, Plaintiffs relied upon Defendants' labeling and advertising claims, namely, the "All Natural" label clearly printed on the front of the bottles. These claims were prepared and approved by Defendants and their agents and disseminated statewide and nationwide, to encourage consumers to purchase the Products. If Plaintiffs had known that the Products were not completely natural, they would not have purchased the Products.

11. Keurig Dr. Pepper Inc. is a corporation headquartered in Plano, Texas. Keurig Dr. Pepper Inc. maintains its principal business office at 5301 Legacy Dr. Plano, Texas 75024.  Keurig Dr. Pepper Inc., directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Keurig Dr Pepper Inc. is one of the owners, manufacturers, and distributors of the Products, and is one of the companies that created and/or authorized the false, misleading, and deceptive packaging of the Products.

12. Snapple Beverage Corp.  is a corporation headquartered in Plano, Texas. Snapple Beverage Corp. maintains its principal business office at 5301 Legacy Dr. Plano, Texas 75024.  Snapple Beverage Corp., directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Snapple Beverage Corp. is one of the owners,

manufacturers, and distributors of the Products, and is one of the companies that created and/or authorized the false, misleading, and deceptive packaging of the Products.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Defendants are citizens of different states. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

14.     Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District: Plaintiff Darlene Harris is a citizen of California who resides in this District; Defendants made the challenged false representations to Plaintiff Harris and many other California consumers in this District; Ms. Harris purchased the Products and consumed the Products within this District, and thus, was injured in this District. Moreover, Defendants receive substantial compensation from sales in this District, and Defendants made numerous misrepresentations which had a substantial effect in this District involving their labeling and advertising representations.

15.     Defendants are subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendants and California. Defendants are authorized to do and are doing business in California.

## FACTUAL ALLEGATIONS

16.     Defendants label and advertise their Products as "All Natural." In reality, the Products are not "All Natural" because they contain added color. The specific

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

food coloring agents in the Products are "vegetable and fruit juice concentrates," "vegetable juice concentrates," "fruit juice concentrates," and/or "beta carotene."

17.   The Food and Drug Administration ("FDA") does not regard foods with added coloring as natural, no matter the source of the coloring agent.  According to their guidelines, they "have considered 'natural' to mean that nothing artificial or synthetic (including colors regardless of source) is included in, or has been added to, the product that would not normally be expected to be there (56 FR 60421 at 60466)."[1]

18.   On November 10, 2015, in response to citizen petitions and consumer requests, the FDA announced the establishment of a docket to receive information and comments on the use of the term "natural" in the labeling of human food products to determine whether a definition of "natural" should be established.

19.   Among the 7,687 public comments received by the FDA, not one comment from the public stated that "natural" should be allowed in food labeling if color is added to a food; rather, hundreds of comments stated "natural" should only be used for foods which are free from added coloring. Some representative examples include:

a.   "When I see the word 'Natural' on packaging, I expect the contents to have only ingredients as they are found in nature. No chemicals, no coloring, no flavoring, no GMO's." (Comment from Kristine Milochik. Posted 02/23/2016)

b.   "I think the term 'Natural' should be banned from food labeling. It is too ambiguous! It should be removed from all descriptors, including: Natural Flavor, Natural colors, All Natural and so on. I think for the interest of transparency all food ingredients should be simply labeled. The consumer has the right to know

---

[1] Leslie Kux, *FDA Rulemaking Re Term Natural*, 12 November 2015. https://www.federalregister.gov/documents/2015/11/12/2015-28779/use-of-the-term-natural-in-the-labeling-of-human-food-products-request-for-information-and-comments. (Last visited February 10, 2021).

CLASS ACTION COMPLAINT

what they are eating or drinking." (Comment from Daniel Kinkelaar. Posted 08/26/2016)

c.    "I firmly believe that consumers should be made aware of what they are purchasing when shopping for food and too many times companies are fooling the public by using the word 'Natural' when in fact it is not. When I see the word Natural on a food product, I consider this to mean that it is free from all additives, GMOs, Preservatives, Drugs, or colors. It is in it's natural state. I would like to see the FDA put more stringent requirements on companies who wish to use this term in their products." (Comment from Artemis Hader. Posted on 02/18/2016)

d.    "The term 'Natural' should only appear on foods that are organic without any preservatives or man-made chemicals. The food should be GMO-free and contain no added colors, flavors, or synthetic substances. If a food product fails to meet any of these requirements, then it should not be allowed to have the label 'Natural' on it." (Comment from Sara Burr. Posted on 03/16/2016)

e.    "Natural should indeed mean no preservatives, additives, GMO's and or flavor or color enhancers…" (Comment from Roy Collicutt. Posted on 03/15/2016)

20.    To date, the FDA has not announced its decision to further define or regulate the term "natural" in food labeling.

21.    The "All Natural" label is prominently and conspicuously printed on the front of the Products. But the added coloring agents in the Products render the "All Natural" label claims false. The added coloring agents, regardless of their source, are not ingredients consumers would normally expect to be included products that are labeled as "All Natural."

22.    There are market incentives for companies to label their products as "natural." According to a national representative survey, more than half of consumers look for products with a "natural" food label, often under "the false belief that they're

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

produced without...artificial ingredients."[2] As stated *supra*, the FDA considers "natural" to be defined as a product that includes nothing artificial "including colors *regardless of source*" [emphasis added].[3] The process by which naturally-sourced food coloring is added to products alters their status and renders them as no longer "natural." Therefore, the reasonable consumer will pay a price premium for products with an "All Natural" label because they believe these products are safer, more nutritious, or otherwise have different attributes than products that do not have the label, all things being equal. Thus, these market forces push producers, like Defendants, to deceptively label their products as "All Natural" to give themselves a market advantage.

23.    Reasonable consumers do not expect a product prominently labeled as "All Natural" to have added coloring. The Products' labels have the "capacity, likelihood, or tendency to deceive or confuse the public" into believing that they are fully natural and are truthfully labeled. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citing *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951 (2002) and *Leoni v. State Bar*, 39 Cal. 3d 609, 626 (1985)) (The California Supreme Court has recognized "that [consumer protection] laws prohibit 'not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'").

24.    Plaintiffs and other consumers purchased the Products due to their belief that the Products are safer, more nutritious, or otherwise have different attributes than do products that do not have the "All Natural" label.

25.    Plaintiffs and the Class made their purchasing decisions in reliance upon Defendants' advertised claims that that Products are "All Natural."

---

[2] Andrea Rock, "Peeling Back the 'Natural' Food Label." *Consumer Reports,* 27 January 2016. https://www.consumerreports.org/food-safety/peeling-back-the-natural-food-label/ (Last visited February 10, 2021).

[3] *See* Leslie Kux, *supra* note 1.

26. Plaintiffs reasonably and detrimentally relied upon the Products' front labels indicating that the Products are "All Natural."

27. Plaintiffs would not have purchased the Products had they known that the Products contained ingredients that were added for coloring, thus rendering the Products no longer "All Natural."

28. Defendants' conduct threatens California consumers by using false, deceptive, and misleading labels. Defendants' conduct also threatens other companies, large and small, who "play by the rules." Defendants' conduct stifles competition, has a negative impact on the marketplace, and reduces consumer choice.

29. There is no practical reason for the false or misleading labeling and advertising of the Products, other than to mislead consumers as to the actual ingredients of the Products being purchased by consumers while simultaneously providing Defendants with a financial windfall as a result of money saved from lower supply costs.

30. Plaintiffs make the allegations herein upon personal knowledge as to themselves and their own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## CLASS ALLEGATIONS

31. Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated. The Class which Plaintiffs seek to represent comprises:

> All persons who purchased the Products in the United States for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

**California Subclass:**
All persons who purchased the Products in the State of California, for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

**Kentucky Subclass:**
All persons who purchased the Products in the State of Kentucky, for

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

32.    The Class (and each Subclass) is so numerous that their individual joinder is impractical. Plaintiffs believe that the Class and each Subclass consists of hundreds of thousands of individuals.

33.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a.    Whether Defendants' conduct constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq.*;

b.    Whether Defendants used deceptive representations in connection with the sale of the Products in violation of Civil Code section 1750, *et seq.*;

c.    Whether Defendants represented the Products as having characteristics or qualities that they do not have in violation of Civil Code section 1750, *et seq.*;

d.    Whether Defendants advertised the Products with intent not to sell them as advertised in violation of Civil Code section 1750, *et seq.*;

e.    Whether Defendants' labeling and advertising of the Products are untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

f.    Whether Defendants knew or by the exercise of reasonable care should have known their labeling and advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

CLASS ACTION COMPLAINT

g.      Whether Defendants' conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

h.      Whether Defendants' conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

i.      Whether Defendants' conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

j.      Whether Plaintiffs and the Class paid more money for the Products than they actually received; and

k.      How much more money Plaintiffs and the Class paid for the Products than they actually received.

34.    Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained competent and experienced counsel in class action and other complex litigation.

35.    Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations and material omissions. Plaintiffs purchased the Products under the false belief that they were "All Natural." Plaintiffs relied upon Defendants' packaging and would not have purchased the Products if they had known that the Products contained ingredients that were added for coloring.

36.    A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the Class to prosecute their claims individually.

37.    The trial and litigation of Plaintiffs' claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

38.   Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.

39.   Absent a class action, Defendants will likely retain the benefits of their wrongdoing.  Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

## COUNT ONE

### Violation of California Consumers Legal Remedies Act,
### California Civil Code Section 1750, *et seq.*

40.   Plaintiffs repeat and reallege all allegations of the previous paragraphs, and incorporate the same as if set forth herein at length.

41.   Plaintiffs bring this cause of action pursuant to Civil Code section 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"), on their own behalf and on behalf of all other persons similarly situated.

42.   The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

43.   The sale of Defendant's products to Plaintiffs and Class members constitutes "transaction" within the meaning of California Civil Code Section 1761(e).

44.   Defendants products are "goods" within the meaning of California Civil Code Section 1761.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

45.   The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods and prohibits "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have." California Civil Code Section 1770 (a)(5).

46.   The CLRA also prohibits representing that the products are of "a particular standard, quality, or grade" when it is of another. California Civil Code Section 1770(a)(7).

47.   The CLRA prohibits advertising goods with the intent not to sell them as advertised and representing the goods have been supplied in accordance with a previous representation when the they have not. California Civil Code Section 1770(a)(9).

48.   The practices described herein, specifically Defendants' packaging, advertising, and sale of the Products, were intended to result and did result in the sale of the Products to the consuming public and violated and continue to violate the CLRA by (1) using deceptive representations in connection with the Products; and (2) advertising and packaging the Products with intent not to sell them as advertised.

49.   Defendants fraudulently deceived Plaintiffs and the Class by misrepresenting the Products as having characteristics which they do not have, e.g., advertising the Products in such a way to represent them as "All Natural" when the Products contain coloring additives. In doing so, Defendants misrepresented and concealed material facts from Plaintiffs and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiffs and the Class and depriving them of their legal rights and money.

50.   Defendants fraudulently deceived Plaintiffs and the Class by labeling and advertising the Products with the intent not to sell them as advertised. Specifically, Defendants intentionally labeled and misrepresented the Products as "All Natural," and failed to disclose the coloring agents in the Products. In doing so, Defendants

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

intentionally misrepresented and concealed material facts from Plaintiffs and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiffs and the Class and depriving them of their legal rights and money.

51.   Defendants knew or should have known, through the exercise of reasonable care, that the Products' labeling and advertising were misleading.

52.   Defendants' actions as described herein were done with conscious disregard of Plaintiffs' rights, and Defendants were wanton and malicious in their concealment of the same.

53.   Defendants' labeling and advertising of the Products were a material factor in Plaintiffs' and the Class's decisions to purchase the Products. Based on Defendants' labeling and advertising of the Products, Plaintiffs and the Class reasonably believed that they were purchasing products that were safer, more nutritious, or otherwise had different attributes than products that do not have the "All Natural" label. Had they known the truth of the matter, Plaintiffs and the Class would not have purchased the Products.

54.   Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair, unlawful, and fraudulent conduct. Specifically, Plaintiffs paid for beverages that were different from what they were reasonably expecting to receive when they decided to make their purchases. Plaintiffs would not have purchased the Products had they known that the Products contained coloring agents that rendered them not natural.

55.   Defendants' false and misleading labeling and advertising should be enjoined due to their false, misleading, and/or deceptive nature.

56.   By letter dated December 8, 2020, Plaintiffs advised Keurig Dr. Pepper Inc. and Snapple Beverage Corp. of their false and misleading claims pursuant to California Civil Code Section 1782(a).

57.   Pursuant to Section 1780(a) of the Act, Plaintiffs seek injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of

15

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Defendants, including, but not limited to, an order enjoining Defendants from continuing to make the label and advertising claims challenged herein. Plaintiffs also request an order awarding Plaintiffs and the Class restitution of the money wrongfully acquired by Defendants. Plaintiffs shall be irreparably harmed if such an order is not granted.

58. Plaintiffs respectfully request that the Court enjoin Defendants from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to § 1780(a)(2). In addition, Defendants should be compelled to provide restitution and damages to consumers who paid for Products that are not what they expected to receive due to Defendants' misrepresentations.

a. Plaintiffs and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

(1) Injunctive relief is appropriate on behalf of Plaintiffs and members of the Class because Defendants continue to deceptively label the Products as "All Natural." Injunctive relief is necessary to prevent Defendants from continuing to engage in the unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of packaging or label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendants' unfair, fraudulent, and unlawful marketing efforts. Such modifications would include, reformulating the Products so they do not contain added coloring or removing the "All Natural" label claims. Such relief is also not available through a legal remedy as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiffs are, currently, unable to accurately quantify the damages caused by Defendants' future harm (e.g., the dollar amount that Plaintiffs and Class members overpay pay for the underfilled Products), rendering injunctive relief a necessary remedy.

## **COUNT TWO**

**Violation of California False Advertising Law,**

**Business & Professions Code Section 17500, *et seq.***

59.     Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs, and incorporate the same as if set forth herein at length.

60.     Plaintiffs bring this cause of action pursuant to Business and Professions Code section 17500, *et seq.*, on their own behalf and on behalf of all other persons similarly situated.

61.     California's False Advertising Law, California Business and Professions Code section 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

62.     Defendants knowingly disseminated misleading claims regarding the Products in order to mislead the public about the ingredient makeup of the Products.

63.     Defendants controlled the labeling, packaging, production and advertising of the Products. Defendants knew or should have known, through the exercise of reasonable care, that their representations and omissions about the ingredients of the Products were untrue, deceptive, and misleading.

64.    Defendants' action of displaying misleading claims and omissions about the ingredients of the Products in prominent type face on each of the Products' front labels is likely to deceive the general public.

65.    Defendants' actions in violation of Section 17500 were false and misleading such that the general public is and was likely to be deceived.

66.    As a direct and proximate result of Defendants' conduct alleged herein in violation of the FAL, Plaintiffs and members of the Class, pursuant to § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendants, and requiring Defendants to disclose the true nature of their misrepresentations.

b.    Plaintiffs and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

(1)    The scope of permissible plaintiffs under the FAL is broader than the CLRA to include, for example, individuals or entities who purchased the Products for non-personal, non-family, and non-household purposes. Thus, Plaintiffs and class members may be entitled to restitution under the FAL, while not entitled to damages under the CLRA.

(2)    Injunctive relief is appropriate on behalf of Plaintiffs and members of the Class because Defendants continue to deceptively label the Products and deliberately omit that the Products contain coloring additives that render the Products no longer "All Natural." Injunctive relief is necessary to prevent Defendants from continuing to engage in the unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. Such

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

modifications would include, but are not limited to, reformulating the Products or removing the false "All Natural" labeling. Such relief is also not available through a legal remedy as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiffs are, currently, unable to accurately quantify the damages caused by Defendants' future harm (e.g., the dollar amount that Plaintiffs and Class members overpay pay for the falsely labeled Products), rendering injunctive relief a necessary remedy.

67.    Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiffs purchased the Products in reliance upon the claims and omissions by Defendants that the Products are "All Natural," as represented by Defendants' labeling and advertising. Plaintiffs would not have purchased the Products if they had known that the claims and advertising as described herein were false and misleading.

68.    Plaintiffs and members of the Class also request an order requiring Defendants to disgorge their ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendants by means of such acts of false advertising, plus interests and attorneys' fees.

## COUNT THREE

### Violation of California Unfair Competition Law
### Business and Professions Code § 17200 *et seq.*

69.    Plaintiffs repeat and reallege the allegations set forth above, and incorporate the same as if set forth herein at length.

70.    Plaintiffs bring this cause of action pursuant to Business and Professions Code § 17200, *et seq.*, on their own behalf and on behalf of all other persons similarly

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

19

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

situated. Plaintiffs seek to represent a Class consisting of "All persons who purchased the Products in the United States, or alternatively, in the State of California personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present." Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products.

71.     The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

### A.  "Unfair" Prong

72.     Under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et. seq.,* a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California,* 142 Cal. App. 4th 1394, 1403 (2006).

73.     Defendants' advertising and labeling of the Products as "All Natural," when the Products contain coloring additives, are false, misleading, and deceptive.

74.     Defendants' false advertising of the Products causes injuries to consumers, who do not receive the promised benefits from the Products in proportion to their reasonable expectations.

75.     Through false, misleading, and deceptive labeling of the Products, Defendants seek to take advantage of consumers' desire for "All Natural" and pure products, while reaping the financial benefits of manufacturing lower quality Products.

76.     When Defendants claim the Products are "All Natural," they provide false promises to consumers and stifle competition in the marketplace.

77.     Consumers cannot avoid any of the injuries caused by Defendants' false and misleading advertising of the Products.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

78.   Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. The courts "weigh the utility of the Defendants' conduct against the gravity of the harm alleged to the victim." *Davis v. HSBC Bank Nevada, N.A.,* 691 F. 3d 1152, 1169 (9th Cir. 2012).

79.   Defendants' material omissions result in financial harm to consumers. Thus, the utility of Defendants' conduct is vastly outweighed by the gravity of its harm.

80.   Some courts require the "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs. Inc.,* 504 F. 3d 718, 735 (9th Cir. 2007).

81.   Defendants' advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

82.   Defendants knew or should have known of their unfair conduct.

83.   As alleged in the preceding paragraphs, the material misrepresentations by Defendants detailed above constitute an unfair business practice within the meaning of California Business & Professions Code § 17200.

84.   There were reasonably available alternatives to further Defendants' legitimate business interests other than the conduct described herein. Defendants could have marketed the Products without making any false statements about the Products' ingredients.

85.   All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

86.   Pursuant to Business & Professions Code Section 17203, Plaintiffs and the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of false and deceptive advertising of the Products.

Likewise, Plaintiffs and the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

87.     Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair conduct. Plaintiffs paid an unwarranted premium for the Products. Plaintiffs would not have purchased the Products if they had known that the Products were not "All Natural" but instead contained added coloring.

## B. "Fraudulent" Prong

88.     California Business and Professions Code § 17200, *et seq.* considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of the West v. Superior Court,* 2 Cal. 4th 1254, 1267 (1992).

89.     Defendants' advertising of the Products as "All Natural," without referring to their actual characterization, is likely to deceive members of the public into believing that the Products are natural.

90.     Defendants' advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable and constitutes fraudulent conduct.

91.     Defendants knew or should have known of their fraudulent conduct.

92.     As alleged in the preceding paragraphs, the material misrepresentations and omissions by Defendants detailed above constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

93.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have refrained from labeling the Products as "All Natural."

94.     All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

generalized course of conduct repeated on thousands of occasions daily.

95.   Pursuant to Business & Professions Code Section 17203, Plaintiffs and the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of false and deceptive advertising of the Products. Likewise, Plaintiffs and the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

96.   Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' fraudulent conduct. Plaintiffs and the Class paid an unwarranted premium for the Products. Plaintiffs and the Class would not have purchased the Products if they had known that the Products were not "All Natural."

### C. "Unlawful" Prong

97.   California Business and Professions Code Section 17200, *et seq.,* identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.,* 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

98.   Defendants' advertising of the Products, as alleged in the preceding paragraphs, violates California Civil Code Section 1750, *et seq.,* California Business and Professions Code Section 17500, *et seq.*

99.   Defendants' packaging, labeling, and advertising of the Products, as alleged in the preceding paragraphs, are false, deceptive, misleading, and unreasonable, and constitute unlawful conduct.

100.  Defendants knew or should have known of their unlawful conduct.

101.  As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code Section 17200.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

102. There were reasonably available alternatives to further Defendants' legitimate business interests other than the conduct described herein. Defendants could have refrained from omitting the true characteristics of the Products.

103. All of the conduct alleged herein occurred and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

104. Pursuant to Business and Professions Code Section 17203, Plaintiffs and the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of false and deceptive advertising of the Products. Likewise, Plaintiffs and the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

105. Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' unlawful conduct. Plaintiffs paid an unwarranted premium for the Products. Plaintiffs would not have purchased the Products if they had known that Defendants purposely deceived consumers into believing that the Products were "All Natural."

106. As a result of the business acts and practices described above, Plaintiffs and members of the Class, pursuant to § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendants and such other orders and judgments that may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendants.

  c. Plaintiffs and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(1)     The applicable limitations period is four years for claims brought under the UCL, which is one year longer than the applicable statute of limitations under the FAL and CLRA. Thus, class members who purchased the Products between 3 and 4 years prior to the filing of the complaint will be barred from the Class if equitable relief were not granted under the UCL.

(2)     The scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein to include, for example, the overall false and misleading marketing scheme of labeling the Products as "All Natural." Thus, Plaintiffs and class members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct).

(3)     Injunctive relief is appropriate on behalf of Plaintiffs and members of the Class because Defendants continue to deceptively label the Products. Injunctive relief is necessary to prevent Defendants from continuing to engage in this unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of packaging or label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendant's unlawful marketing efforts. Such modifications could include, but are not limited to, reformulating the Products so they do not

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

contain added coloring, or remove the "All Natural" label claims. Such relief is not available through a legal remedy, as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiffs are, currently, unable to accurately quantify the damages caused by Defendants' future harm (e.g., the dollar amount that Plaintiffs and Class members will pay for the falsely labeled Products), rendering injunctive relief a necessary remedy.

107. Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

## COUNT FOUR

### Unjust Enrichment

108. Plaintiffs repeat and reallege the allegations set forth above, and incorporate the same as if set forth herein at length.

109. By means of Defendants' wrongful conduct alleged herein, Defendants knowingly sold the Products to Plaintiffs and members of the Class in a manner that was unfair, unconscionable, and oppressive.

110. Defendants knowingly received and retained wrongful benefits and funds from Plaintiffs and members of the Class. In so doing, Defendants acted with conscious disregard for the rights of Plaintiffs and members of the Class.

111. As a result of Defendants' wrongful conduct as alleged herein, Defendants have been unjustly enriched at the expense of, and to the detriment of,

Plaintiffs and members of the Class.

112.  Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

113.  Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits they received, without justification, from selling the Products to Plaintiffs and members of the Class in an unfair, unconscionable, and oppressive manner. Defendants' retention of such funds under such circumstances making it inequitable to do so constitutes unjust enrichment.

114.  The financial benefits derived by Defendants rightfully belong to Plaintiffs and members of the Class. Defendants should be compelled to return in a common fund for the benefit of Plaintiffs and members of the Class all wrongful or inequitable proceeds received by Defendants.

115.  Plaintiffs and members of the Class have no adequate remedy at law.

## COUNT FIVE

### Breach of Express Warranty

116.  Plaintiffs repeat and reallege all the allegations of the previous paragraphs and incorporate the same as if set forth herein at length.

117.  Defendants expressly warrant that the Products are "All Natural," as set forth above. Defendants' claims constitute an affirmation of fact, promise, and/or description of the goods that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise. Plaintiffs placed importance on Defendants' claims.

118.  All conditions precedent to Defendants' liability under this contract have been performed by Plaintiffs and the Class.

119.  Defendants breached the terms of the express warranties, with Plaintiffs and the Class by not providing Products that conform to the advertising and label claims.

120.  As a result of Defendants' breach of contract, Plaintiffs and the Class have

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

been damaged in an amount to be determined at trial.

**COUNT SIX**

**Violation of Kentucky False Advertising Law,**

**Kentucky Revised Statutes 367.110 and 367.170 *et seq.***

***(Kentucky Class Only)***

121. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs, and incorporate the same as if set forth herein at length.

122. Plaintiffs bring this cause of action pursuant to Kentucky Consumer Protection Act ("KCPA") 367.110 and 170., *et seq*., on their own behalf and on behalf of all other persons similarly situated.

123. KCPA prohibits unlawful any "unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." (367.170)

124. Here, each Plaintiff and putative class member purchased goods (Defendants' Products) primarily for personal, family, and household purposes, and as a result of Defendants' misrepresentations suffered an ascertainable loss of money which they paid for the Products.

125. Defendants knowingly disseminated misleading claims regarding the Products in order to mislead the public about the ingredient makeup of the Products.

126. Defendants controlled the labeling, packaging, production and advertising of the Products. Defendants knew or should have known, through the exercise of reasonable care, that their representations and omissions about the ingredients of the Products were untrue, deceptive, and misleading.

127. Defendants' action of displaying misleading claims and omissions about the ingredients of the Products in prominent type face on each of the Products' front labels is likely to deceive the general public.

128. Defendants' actions in violation of Section 367.170 were false and misleading such that the general public is and was likely to be deceived.

129.  As a direct and proximate result of Defendants' conduct alleged herein in violation of the FAL, Plaintiffs and members of the Class, pursuant to § 367.170, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendants, and requiring Defendants to disclose the true nature of their misrepresentations.

d.    Plaintiffs and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

(1)    Restitution;

(2)    Injunctive relief is appropriate on behalf of Plaintiffs and members of the Class because Defendants continue to deceptively label the Products and deliberately omit that the Products contain coloring additives that render the Products no longer "All Natural." Injunctive relief is necessary to prevent Defendants from continuing to engage in the unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. Such modifications would include, but are not limited to, reformulating the Products or removing the false "All Natural" labeling. Such relief is also not available through a legal remedy as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiffs are, currently, unable to accurately quantify the damages caused by Defendants' future harm (e.g., the dollar

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

amount that Plaintiffs and Class members overpay pay for the falsely labeled Products), rendering injunctive relief a necessary remedy.

        (3)    Attorneys' fees and costs

        (4)    Punitive damages.

130. Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiffs purchased the Products in reliance upon the claims and omissions by Defendants that the Products are "All Natural," as represented by Defendants' labeling and advertising. Plaintiffs would not have purchased the Products if they had known that the claims and advertising as described herein were false and misleading.

131. Plaintiffs and members of the Class also request an order requiring Defendants to disgorge their ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendants by means of such acts of false advertising, plus interests and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for judgment and relief on all Causes of Action as follows:

    A.    This action be certified as a class action;

    B.    Plaintiffs be appointed as the representatives of the Class and any Subclasses;

    C.    Defendant's conduct be declared unlawful;

    D.    An order enjoining Defendants from continuing to label and advertise the Products as challenged herein;

    E.    For an award of restitutionary damages in an amount according to proof at trial;

    F.    An order that Defendants engage in corrective advertising campaign;

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

G.      An order of disgorgement of all profits and unjust enrichment that Defendants obtained as a result of their practices;

H.      Punitive damages;

I.      For pre-judgment interest from the date of filing this suit;

J.      Reasonable attorneys' fees;

K.      Costs of this suit; and

L.      Such other and further relief as the Court may deem necessary or appropriate.

## **JURY TRIAL DEMANDED**

Plaintiffs demand a jury trial on all triable issues.

DATED: June 30, 2021                    **CLARKSON LAW FIRM, P.C.**

                                        _/s/  Yana Hart_
                                        Ryan J. Clarkson, Esq.
                                        Shireen M. Clarkson, Esq.
                                        Yana Hart, Esq.

                                        *Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT